## HALE v. GULLICK *et al.*

1. In determining the amount with which a borrowing member should be credited on his loan on the winding up of the affairs of a building association, whether or not a premium was paid to the association for such loan is immaterial.

2. In determining the amount to which a borrowing member of a building association is entitled to be credited on winding up the affairs of such association, the fact of whether or not payments of dues on stock made by such member were credited on the loan is immaterial.

3. Where from the record it does not appear that the premature winding up of a building association is occasioned by its insolvency, a borrowing member is entitled, on surrendering his stock, to be charged with the actual amount received by him, with interest to date, and credited with all payments made, whether by way of dues, interest or premium, according to the rule covering partial payments.
FULLER, P. J., dissenting.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Brookings county. Hon. JUL-IAN BENNETT, Judge.

Action by William D. Hale as receiver of the American Savings & Loan Association against Thomas Gullick and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Charles M. Stevens*, for appellant.

When the stock of a mutual building association is paid up, it ceases to be a going concern and its stockholders become creditors entitled to a distribution of its funds.　Hale v. Cairns, 77 N. W. 1010; Leahy v. Association, 76 N. W. 625; Towle v. Society, 61 Fed. 446; Everman v. Schmitt, 53 O. St. 174.

A mortgage given by a member of a building association becomes due and payable upon the insolvency of such association and the appointment of a receiver therefor.　End. on Bldg. Ass'ns, 2d Ed., §§ 477 and 523; Curtis v. Ass'n, 36 At'l. 1023; Weir v. Ass'n, 38 At'l. 643; Woltford v. Ass'n, 140 Ind. 662; Price v. Kendall, 36 S. W. 810; Rogers v. Raines, 38 S. W. 843; Knutson v. Ass'n, 69 N. W. 889; Pat-tison v. Ass'n, 64 Ga. 373; Strohen v. Ass'n, 843.

*Cheever & Hall* for respondents.

Where an application of payment of dues to a building association is made by either party, it is conclusive, on both parties.　18 Am. & Eng. Ency. Laws, 243; 2 Wharton Contracts, § 932; 1 Addison Contracts, 350; 2 Parson Contracts, 630 Johnson v. Thomas 77 Ala. 367; Seymour v. Marvin, 11 Barb. N. Y. 80; Allen v. Culver, 3 Denio, 284.

The sums paid as dues to a building association by a stockholder who is a borrower, should be applied on the mortgage debt.　Randall v. Ass'n, 60 N. W. 1019; Fitzgerald v Ass'n, 57 N. W. 1066; Sawyer v. Ass'n, 61 N. W. 521; Livingston v. Drummand, 68 N. W. 375; Mandlin v. Ass'n, 65 N. W. 645; Clarke v. Olson, 83 N. W. 519.

Haney, J.　In its decision the circuit court finds the facts to be as follows: "(1) That the plaintiff the American

Savings & Loan Association was organized as a mutual building and loan association on or about April, 1887, under the laws of the state of Minnesota, having first been incorporated under the name of the American Building and Loan Association, which name was changed on or about July 26, 1892, to American Savings and Loan Association. (2) That prior to January 14, 1896, some of the officers of said association had been guilty of certain violations of law, and it became unable to carry out the purpose for which it was created, and on said date the plaintiff William D. Hale was duly appointed receiver of said association by the district court of Hennepin county," Minnesota, and thereafter, on June 18, 1896, plaintiff was by said court appointed permanent receiver of said association. That thereafter, and prior to the commencement of this action, the officers of said association were directed by said district court of Hennepin county to, and did, transfer and assign the note and mortgage hereinafter described to said plaintiff, and granted leave to him to bring this suit. That on or about July 11, 1888, the defendant Thomas Gullick made application to said association for membership therein, and on the 11th day of July, 1888, the plaintiff issued to him its certificate of shares in said association, No. 4,366, being for six shares, of the par value of $100 per share. Said certificate, among other provisions, contained the requirement that the shareholder agrees to pay the association sixty cents monthly upon each share as dues. (3) That on or about January 25, 1889, defendant Thomas Gullick made application to said association for a loan of $300, pursuant to the condition of said certificate of stock and the agreement between the parties hereto, and bid the sum of $50 per share, amounting in all to $300, as and for a pre-

mium for such loan, which application and bid were accepted, and which sum was paid by said Thomas Gullick to said association as a premium for the privilege of making said loan, and that he received from it the sum of $300 upon said loan. That, in order to secure said loan or advancement, on the 8th day of August, 1889, the defendants Thomas Gullick and Johanna Gullick executed and delivered to said association their certain bond and mortgage, dated on that day, wherein and whereby they promised to pay to said association, on or before nine years after said date thereof, the sum of $600, together with interest on $300 at the rate of six per cent per annum from August 8, 1889, until paid, in money, payable monthly, or that they shall well and truly pay or cause to be paid unto said association, its successors or assigns, $3.60 on the 11th day of each and every month thereafter, as and for the monthly dues on said six shares, the capital stock of said association then owned by said Thomas Gullick, and by them thereby sold, assigned and transferred to said association as security, and also pay all installments of interest aforesaid, and all fines which become due on said stock, until said stock becomes fully paid in and of the value of $100 per share, and shall then surrender said stock to said association; that then, and in either of such cases, said obligation to be void, otherwise in full force and virtue, and said mortgage being upon lots numbered one and two of block number two in Randi Peterson's addition to the town (now city) of Brookings, county of Brookings, territory of Dakota (now state of South Dakota), and said mortgage containing the provision, among others, that it was given to secure said bond for $600, with interest on $300 at six per cent per annum, or that, in lieu thereof, mortgagors shall pay,

or cause to be paid, at the home office of said association, all installments and interest which become due on said bond, and all fines and monthly payments which become due on said stock, until said stock becomes fully paid, and shall surrender said stock to said association, then said mortgage deed to be null and void. And that, at the time of executing said bond and mortgage, defendant Thomas Gullick assigned said six shares of stock to said association as collateral security. (4) That at the time of giving said bond and mortgage, and continuously since that time, the said mortgaged premises have been occupied by the defendants Thomas Gullick and Johanna Gullick, husband and wife, as their family residence. That the same contains less than one acre of ground, and with the improvements is less than $2,000 in value, and is their homestead, and has been their homestead during all of said time. (5) That the defendant Thomas Gullick on the 11th day of July, 1888, paid to said association the sum of $8 as an admission fee, and thereafter paid regularly the monthly payments of dues and interest as the same accrued, until and including the dues and interest to January, 1896, and until the appointment of said receiver. That the amounts so paid in by said defendant to said association were at the time of such payment duly credited and entered in the pass book furnished by said association to its members; such credit entries being made by authorized agents of said association, and credited as payments upon said loan from month to month. That at the time of the appointment of said receiver, to wit, January 14, 1896, defendant Thomas Gullick had paid to said association, on account of said bond and mortgage and stock, $324 for dues, $124.50 as interest, and $8 as an admission fee. That no default existed

in the condition of either said bond or mortgage at the time of
the appointment of said receiver, and at that time the account
between the defendants Thomas and Johanna Gullick and the
association stood as follows, to wit:

| | |
|---|---:|
| Amount received on loan......................................... | $300 00 |
| Interest on same at 7 per cent. from date received................ | 135 10 |
|    Total.............................................. | $435 10 |
| Amount paid in as dues........................................... | $324 00 |
| Interest on same according to the rule of partial payments at 7 per cent................................................... | 80 30 |
| As interest .................................................... | 124 50 |
| Interest thereon according to the rule of partial payments aforesaid.. | 27 20 |
|   Total................................................ | $556 00 |

—Being $120.90 more than the amount received by defendant
Gullick, as aforesaid, with interest thereon as aforesaid from
the date of its receipt. This balance, however, is stated mere-
ly for the purpose of ascertaining in whose favor the balance
exists, but the amount of such balance is not to be deemed
conclusive as to its exact amount. (6) That prior to the com-
mencement of this action the defendant Thomas Gullick elect-
ed to apply all of said payments made to said association as
payment *pro tanto* upon said mortgage indebtedness at the
time said payments were made, and communicated such
election to the plaintiff. (7) That no action or proceeding at
law or otherwise has been had to enforce the payment of said
alleged indebtedness. (8) That the defendant George More-
house has an interest in and lien upon the said premises by
virtue of a mortgage thereon executed and delivered to him by
said defendants Thomas Gullick and Johannah Gullick on the
8th day of February, 1898, to secure the payment to him of

$250, and that the same is superior and paramount to the cause of action alleged in plaintiff's complaint, by reason of plaintiff's said mortgage having been paid off as above stated."

Upon the facts so found the court concludes, as matters of law, (1) that plaintiff is entitled to no relief whatever in this action; (2) that the defendants Thomas Gullick and Johanna Gullick are entitled to judgment dismissing this action upon the merits; and for the costs and disbursements, and that the bond and mortgage in controversy herein be cancelled and returned to them; and (3) that the defendant George Morehouse is entitled to judgment that his mortgage is paramount to that of plaintiff's, and for costs. Judgment was entered in favor of defendants for the dismissal of the action upon its merits, and for costs. A new trial was denied, and plaintiff appealed.

The motion for a new trial was made upon the following grounds: (1) Insufficiency of the evidence to justify the decision; and (2) that the decision is against law. The particulars in which the evidence is alleged to be insufficient are thus specified: "(1) There is no evidence that at the time of the making of said loan the said defendant Thomas Gullick paid the American Building & Loan Association $300, or any other sum whatever, as a premium for the privilege of making said loan. (2) That the evidence is insufficient to justify the decision as to the fifth finding of fact, that payments of dues and interest made by said defendant were credited by said association as payments upon the loan or advancement to said defendant Thomas Gullick, and said finding is contrary to the undisputed evidence and the admissions of the defendant in said cause." These objections are technical rather than substantial. It may be conceded that they are well taken, without affecting the real

issue presented by this appeal.    Assuming that Gullick did not pay the association $300, or any other sum, as premium, when his loan was made, and that payments of dues on stock were not credited by the association upon the loan, we will proceed to consider whether upon the undisputed facts, there could have been any other judgment than the one entered in the court below.

It is conceded that defendant Thomas Gullick performed all the obligations of his contract with the association up to the time it ceased to perform the contract on its part.    It appears from the plaintiff's evidence that Gullick paid $324 as dues on stock, and $115 as interest on the loan.    If the amount paid as dues on the stock should be applied upon the loan, the note sued upon was overpaid, and the trial court was right in dismissing the action upon its merits.    There are numerous recent decisions relating to the settlements of building and loan associations with their members.    All authorities agree that on the premature abandonment of the enterprise from whatever cause, the original contract between the association and the borrower cannot be carried out, and that neither party is, therefore bound to a literal fulfillment.    There are different views as to the relative rights and obligations of the advanced and unadvanced members; it being settled, according to all theories, that the former cannot be assessed to equalize the value of shares, but that the assets are to be distributed as they stand.    One view is that the relation between the association and the borrowing member has been changed by circumstances to the one subsisting between the ordinary creditor and debtor, and that the borrowing member is to be charged with the actual amount received by him, with interest at the legal

rate to date, and credited with all payments made, whether by way of dues, interest, or premium, according to the rule governing partial payments. It is objected by courts which take a different view that this throws all the loss upon the nonborrower, and that the rule should be so varied as to give credit only for the amount paid as interest, and any sums paid expressly on the loan, with interest thereon. 4 Am. & Eng. Enc. Law (2d Ed.) 1081. Where as in nearly all the reported cases, the association is insolvent, the difficulty of equitably distributing inevitable loss among the different classes of its members becomes apparent, but such difficulty does not arise where there are sufficient assets to refund what all have paid. As is said by the supreme court of North Dakota, "under such circumstances there can be no injustice in crediting the borrowing member, who chooses to surrender the stock pledged, with all that he has paid thereon." Hale v. Cairns (N. D.) 77 N. W. 1010. If one of these associations is solvent when it ceases to do business, it should be presumed that its stock is at least worth what the member has paid thereon in dues, and it can wrong no one if he is permitted to offset such amounts against the balance due upon his loan. All corporations are presumed to be solvent until the contrary appears. In the case at bar there is no finding of insolvency, nor does the record contain any evidence tending to prove such fact. It is not admitted by the pleadings. We are, therefore, of the opinion that the court below was right in crediting defendants with the amounts paid as dues on stock, and that its judgment should be affirmed.

FULLER, P. J. I cannot concur in the conclusion reached by my associates. The avowed character and object of this

mutual building and loan association is stated in its articles of
incorporatiou as follows: . "The general nature of its business
shall be to assist its members in saving and investing money
and in buying and improving real estate, and for procuring
money for other purposes, by loaning or advancing, under the
mutual building society plan, to such of them as may desire to
anticipate the ultimate value of their shares, funds accumulat-
ed from the monthly contributions of its stockholders, and also
such funds as may from time to time come into its hands."
Dues on stock issued to members must be paid monthly, at the
rate of 60 cents per share, the greater portion of which goes
into a fund to be loaned, upon satisfactory security, to such
members, respectively, as may offer, by way of a sealed bid,
to pay the highest premium, in addition to interest at 6 per
cent. per annum, on the amount advanced. The persuasive
feature of the plan is that the profits arising from these loans
of monthly dues paid into the treasury on stock are for the
mutual benefit of and equally participated in by, all members
of the association. According to the requirements of the asso-
ciation, responnent has paid $324 dues on his six shares of
stock, and the action of the trial court in applying the entire
amount thus paid as monthly dues, together with interest
thereon, in satisfaction of the mortgage indebtedness, consti-
tutes, in my opinion, the firmest ground for complaint. Al-
though by the failure of this mutual enterprise a literal fulfill-
ment of the original contract between the association and its
borrowing members is rendered impossible, nothing has occur-
red to change the relation of respondent Gullick to that of an
ordinary debtor, entitled to credit upon the mortgage indebted-
ness for all he has paid in the way of dues, regardless of the

rights of all other innocent persons constituting the membership. In consideration of the right to share in the profits equally with his associates, respondent voluntarily bound himself to contribute with them towards the losses, if any, and the expenses of the business, whether a success or failure. No good reason has been or can be given for placing him in the attitude of a preferred creditor, by transferring his membership liability to other borrowers or persons of which the association is composed. Consequently he should bear a just proportion of the additional hardship and increased expense of marshaling the assets of the corporation in order to make an equitable distribution thereof among all the members, and he would then be entitled, after the debts have been paid, to a pro rata dividend, alike with the borrowing and nonborrowing stockholders of the association. The courts almost uniformly hold that money paid as dues cannot be applied in payment of a note or in satisfaction of a mortgage given by a member of such association. Russell v. Pierce (Mich.) 80 N. W. 118; Phelps v. Association, Id. 120; Hale v. Cairns (N. D.) 77 N. W. 1010; Leahy v. Association (Wis.) 76 N. W. 625; Knutson v. Association (Minn.) 69 N. W. 889; Rogers v. Raines (Ky.) 38 S. W. 483; Price v. Kendall (Tex. Civ. App.) 36 S. W. 810; Post v. Association (Tenn. Sup.) 37 S. W. 216, 34 L. R. A. 201; Curtis v. Association (Conn.) 36 Atl. 1023; Weir v. Same (N. J. Ch.) 38 Atl. 643; Southern Building & Loan Ass'n v. Anniston Loan & Trust Co., 101 Ala, 582, 15 South, 123, 29 L. R. A. 120; Brown v. Archer, 62 Mo. App. 277; Strohen v. Association, 115 Pa. St. 273, 8 Atl. 843; Wohlford v. Association, 140 Ind. 662, 40 N. E. 694, 29 L. R. A. 177; Eversmann v. Schmitt, 53 Ohio St. 174, 41 N. E. 139, 29 L. R. A. 184. By requiring the payment of

what was actually received by the borrower, with interest, and by leaving to his credit all dues paid on stock until the final adjustment, when he and all other stockholders will be paid pro rata from the fund gathered for ultimate distribution, the burden, whatever it may be, will be equally apportioned, and none will escape the liability inherently assumed with membership. Both the weight of reason and authority impel me to the conclusion that, as presented by the record, this case should be disposed of according to the foregoing system of computation, so that the final adjustment may be made upon the basis of mutuality, equality and fairness. When, from the evidence before the court, introduced under proper pleadings, losses and liabilities may be compared with receipts and profits, and the expense of final settlement be ascertained, so that an equitable adjustment of assets may be had, credit for dues paid in might be given in an action to foreclose a mortgage; but, as this case stands, the method by which my associates reach their conclusion seems inequitable.